## THON v. ROCHESTER RY. CO.

(Supreme Court, Special Term, Monroe County. October, 1893.)

INTERPRETER—MEANING OF FOREIGN WORDS.

> Where a witness who understands both the English and the German languages testifies to a certain admission by plaintiff, and then states that the admission was made in German, and gives the German words used by her, plaintiff may, without resorting to an interpreter, show that the English equivalent of the words used is different from that given by the witness, as the rule requiring the services of an interpreter applies only where the witness cannot speak the English language.[1]

Action by Charlotte Thon against the Rochester Railway Company. Plaintiff moves for a new trial on the minutes. Granted.

Spahn & Powers, for plaintiff.

Charles J. Bissell, for defendant.

BRADLEY, J. The witness Martin Wolff, called by defendant, testified that shortly after the injury of the plaintiff he had a conversation with her upon the subject of the accident, in which she stated to him that in her anxiety to take the Monroe avenue car she stepped from the car in which she was riding while it was in motion. The witness, on his cross-examination, having stated that his conversation with the plaintiff was had in the German language, was asked by the plaintiff's counsel to state, and stated, the German words used by the plaintiff in the conversation with her. After the defendant rested, Mr. Spahn, one of the plaintiff's counsel, was sworn as a witness in her behalf, and testified that he understood the German and English languages, and that he took down the German words stated by the witness to have been used by the plaintiff in his interview referred to with her. Then he was asked to translate the words into English. The defendant's objection to the evidence was sustained, and exception taken. The court then added that the plaintiff's counsel might recall the witness Wolff to the stand, and have him state the German language used in the conversation with the plaintiff and have it translated by an interpreter sworn for the purpose. This the plaintiff's counsel declined to do. The question therefore arises upon the exception taken to the exclusion of the evidence of the witness Spahn. The plaintiff had the right to have presented to the jury a correct translation into English of the German language used by her in the conversation with Wolff, and therefore the right to challenge the rendition of it by that witness. The controversy here has relation to the manner in which the correctness of the translation as given by him could properly be tested or ascertained, and presented to the jury. It may perhaps be assumed that neither the court nor jury, nor any person engaged in the trial, other than Mr. Spahn, understood the German language, and it is also quite likely that none of them, other than he, was able

[1] See, also, Whart. Ev. § 224; citing Kuhlman v. Medlinka, 29 Tex. 385, and section 224, Final Report, Field's Code Ev. (1889): "When a witness does not understand the English language, an interpreter must be sworn to interpret for him."

to repeat the German words in question as given by the witness Wolff. It seems that the reporter at the trial had been unable to take them from the witness and put them upon his minutes. Mr. Spahn had, however, taken them down, and, as taken by him, his evidence was offered to prove that the translation of them by Wolff was indirectly prejudicial to the plaintiff. It is the general and established rule of the courts in this country that, where a witness is incapable of speaking the English language intelligently, he must testify through an interpreter sworn to truly interpret between the court, the jury, and the witness. This rule was not necessarily applicable to the witness Wolff. He spoke the English language intelligently, and understood the German language. By his evidence given on his direct examination, he assumed to state in English the conversation he had in German with the plaintiff, and that it was had in the latter language did not appear until the fact was adduced on his cross-examination. His version of it was before the jury, and he gave the German words upon which her statement in English was founded. At least, such conclusion of the situation was permitted by the evidence upon which the plaintiff's offer of proof was based. The version so given of them, and the German words themselves, had been given by the evidence to the jury. The plaintiff offered to prove that by a correct rendition of the words the import of them in English was different from that given of them by the witness. It was the right of the plaintiff to give legitimate evidence of that fact. As the defendant's witness spoke the English language intelligently, I think that there is no rule of law or practice which required the plaintiff to resort to an interpreter sworn as such to translate the German words in question into English, but that she properly could call in her behalf a witness qualified to do so, to testify to the meaning in the English language of those German words. Sheldon v. Benham, 4 Hill, 129; 1 Greenl. Ev. § 280. The conclusion follows that the exclusion of the evidence so offered by the plaintiff was error, and for that reason the plaintiff's motion for a new trial should be granted.