So ordered, with $10 costs and disbursements of the appeal.

---

### THON v. ROCHESTER RY. CO.

(Supreme Court, General Term, Fifth Department. October 17, 1894.)

1. INTERPRETER—MEANING OF FOREIGN WORDS.

Where a witness testifies to a certain admission made by plaintiff in the German language, and gives the German words used by her, plaintiff may, without resorting to an interpreter, show that the English equivalent of the words used is different from that given by the witness. Lewis, J., dissenting. 29 N. Y. Supp. 675, affirmed.

**2. WITNESS—COMPETENCY OF ATTORNEY.**
    Counsel is a competent witness in behalf of his client, and the rela-
tion only goes to his credibility.

Appeal from circuit court, Monroe county.

Action by Charlotte Thon against the Rochester Railway Com-
pany to recover damages for personal injuries.   From an order
setting aside a verdict in favor of defendant and granting a motion
for a new trial on the minutes (29 N. Y. Supp. 675) defendant ap-
peals.    Affirmed.

Argued before DWIGHT, P. J., and LEWIS and HAIGHT, JJ.

C. J. Bissell, for appellant.
Ivan Powers, for respondent.

DWIGHT, P. J.    The action was to recover damages for a bodily
injury, caused, as alleged, by negligence of a driver of a horse car of
the defendant, upon which the plaintiff was a passenger, and from
which she was alighting when the injury was received.    One Wolff,
a witness for the defense, testified that the plaintiff, relating to
him the circumstances of the accident soon after its occurrence,
told him, in effect, that in her haste to reach another car at the
junction of the two routes she stepped from the car she was on
while it was in motion, and thus fell to the ground; that she had
rung the bell once or twice for the car to stop, and that she did
not know it was not allowed to stop on the intersection of the two
streets.    On the cross-examination of this witness it appeared that
the statement made to him by the plaintiff was in the German lan-
guage, and he was asked to repeat it in German.    After protesting
more than once that he could not give the words of the plaintiff,
he finally, in response to a direction of the court, gave what he de-
clared to be in substance, as nearly as he could reproduce it, the
statement of the plaintiff as made by her in German, which testi-
mony, in German, the stenographer was unable to take.   Subsequent-
ly, when the plaintiff had the case, to reply, she called to the stand
one of her counsel, Mr. Jacob Spahn, a competent German and Eng-
lish scholar, who testified that he took down in writing verbatim the
German words which the witness Wolff, by his testimony, attrib-
uted to the plaintiff in the conversation testified to by him.    The
words so taken by Mr. Spahn were submitted to the witness Wolff,
and he identified them as the German words used by the plaintiff,
as nearly as he could recollect them.    The plaintiff thereupon
offered to prove by Mr. Spahn what the meaning of those words was
when correctly translated into English.    The evidence offered was
excluded under the defendant's objection, and plaintiff's exception
to this ruling was the ground upon which the learned judge at the
circuit granted the motion for a new trial.    29 N. Y. Supp. 675.
We think the evidence offered was competent and admissible, and
that for the error of its exclusion the motion for a new trial was
properly granted.    The situation was one which did not call for
an interpreter, but for a translator, and for that purpose Mr. Spahn
was competent, both as a witness and as a German and English

scholar. His position as counsel for the plaintiff went only to his credibility. He was presumably the only person connected with the case who was at the same time interested and competent to recognize and identify with accuracy the German words which the witness Wolff attributed to the plaintiff. This he testified he did, and reduced them to writing as they were spoken by the witness, and he produced them before the court. Those words, when thus secured and identified, were a part of the evidence in the case, and, being such, it was necessary that they should be translated into English. The proposal of the court to permit the witness Wolff to be recalled, and to be again asked for a German version of the statement of the plaintiff, and to permit that portion of his testimony to be interpreted to the jury, did not quite meet the situation. The witness had once given his version of the plaintiff's statement in German. The words had been taken down and preserved. They were a part of the evidence already given in the case. It only remained to have them translated, in order that the plaintiff should have the benefit of the evidence if it should prove to be beneficial to her. Of course, all the evidence thus given and proposed to be given by the witness Spahn was subject to contradiction by the witness Wolff as to the identity of the German words testified to by him, and by Wolff or any other competent witness as to the correctness of their translation. But that the plaintiff had a right that the jury should know what the testimony was when first given, and what was the meaning of the German words then testified to, we cannot doubt. The testimony excluded related to an alleged admission of the plaintiff closely affecting her cause of action, and it is impossible to say that its exclusion was not to the prejudice of the plaintiff. The order for a new trial should be affirmed.

So ordered, with costs of this appeal to abide the event.

HAIGHT, J., concurs. LEWIS, J., dissents.